For complainant: James O. McManus.

For respondents: Flynn & Mahoney, James W. Leighton.

Thomas P. Corcoran et al.
vs. } Eq. No. 12273.
James F. Mitchell et al.

August 25, 1933.

FROST, J. Heard upon prayer for preliminary injunction.

This is a bill of complaint brought by certain of the trustees of Deborah Cook Sayles Public Library, located in the city of Pawtucket, against the remaining trustees. The bill prays that the Board of Trustees be not allowed to hold any meeting pursuant to any rule enacted by the City Council of the City of Pawtucket and also that the Board of Trustees be enjoined from seating one George J. N. Vieault as a member of said Board and that said Vieault be enjoined from seeking to sit as a member of said Board.

Respondent, Robert C. N. Monahan, through his counsel, at the hearing stated that he joined in the prayer of the bill.

The complainants at the hearing elected to stand upon their sworn bill with the addition of certain exhibits introduced by agreement between the

parties. Respondents submitted no testimony, but moved that the bill be dismissed on the ground that there was no equity in the bill and that there was complete relief at law.

From the bill and from the exhibits introduced it appears, that Deborah Cook Sayles Public Library was donated to the City of Pawtucket on the 13th day of October, 1902; that thereafter under the provisions of Chapter 54 of the General Laws of Rhode Island, 1923, the City Council passed ordinances fixing the number of elective trustees at six and otherwise providing for the regulation of the library. On July 26, 1933 the City Council by ordinance changed the number of trustees from six to seven and in addition gave to the City Council certain powers of regulation formerly exercised by the trustees.

The complainants challenge the validity of the ordinances recently passed and the question for the Court, ultimately, is the power of the Council to pass the ordinances which were approved on July 26 of this year.

The respondents at the hearing produced no testimony but argued a lack of jurisdiction on the part of the Court. The question raised by the respondents is not a question of the right of the Superior Court to act in the premises, but is rather the contention that relief, if there be any, is through appropriate proceedings on the law side of the Court rather than by a bill in equity.

If the questions raised by the bill were limited to the legality of the election of the seventh trustee the Court might well hesitate to give the injunctive relief desired, but here the question is not the legality of the election itself but it is rather the validity of the ordinance under which the City Council elected the seventh trustee. Again this is not the sole question. There is also the vital question of how far under the enabling statute the Council through its ordinances may go in controlling the library and to what extent the control must be left to the trustees.

These questions of course have not been argued to the Court.

It is for the Court to say at the present time whether the situation as set forth in the bill, which situation is not denied, is of such a character as to require that it be kept in statu quo until the hearing can be had upon the merits of the complaint. It appears from the bill that if meetings be held with the enlarged number of trustees and under the new rules and regulations as enacted by the recent ordinances, property rights will be interfered with, with the result that suits will inevitably be brought and that in general the management and conduct of the library will be seriously affected. In the opinion of the Court the enforcement of ordinances allegedly invalid, together with the statement of irreparable damage and with the probability of a multiplicity of suits give a basis for action by the Court of the sort prayed.

The point raised by the respondents, namely that there is a complete remedy at law can be raised later in an appropriate manner. In the meantime the Court thinks the rights of all should be preserved and irreparable damage averted. The prayer for preliminary injunction is therefore granted.

For Complainants: E. M. Boyle.

For Respondents: J. A. O'Neill, H. E. Crowe.